# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**DEBORAH LUCILLE BAILEY,**

        Debtors.　　　　　　　　　　　　　　　Case No. 06-00088-8-JRL
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

## ORDER

This case is before the court on the debtor's motion to extend the automatic stay, pursuant to 11 U.S.C. § 362(c)(3). On February 8, 2006, the court held a hearing on this matter in Wilson, North Carolina.

On August 12, 2003, the debtor filed her first Chapter 13 case (Case No. 03-07070-8-JRL). At the time of filing the case, the debtor was employed full-time with Sprint and grossing $2,598.00 a month. Green Tree Servicing LLC ("Green Tree") holds a perfected security interest in the debtor's mobile home. On October 8, 2003, Green Tree filed a motion for relief from the automatic stay, asserting that the debtor had failed to make two post-petition payments. Green Tree and the debtor resolved that motion by consent order entered December 4, 2003. In June 2004, Sprint terminated the debtor's employment, and the debtor received a severance package. On November 8, 2004, Green Tree filed a second motion for relief from the automatic stay, asserting that the debtor was delinquent on two post-petition payments. Green Tree and the debtor resolved the second motion by consent order entered December 15, 2004. In February 2005, the debtor's severance package terminated. From February 2005 through August 2005, the debtor received weekly unemployment checks of approximately $400.00. On October 12, 2005, the

1

court dismissed the case based on the debtor's failure to comply with the Chapter 13 plan.

On January 11, 2006, the debtor filed the subject case. Because the debtor had a previous case pending within the year prior to filing this case, the debtor is subject to 11 U.S.C. § 362(c)(3)(A), which states that the automatic stay will terminate 30 days after filing. However, § 362(c)(3)(B) allows for an extension of the stay beyond the 30-day period if the following four requirements are met: "(1) a motion is filed; (2) there is notice and a hearing; (3) the notice and hearing are completed before the expiration of the original 30-day period; and (4) the debtor proves that the filing of the new case 'is in good faith as to the creditors to be stayed.'" In re Havner, 336 B.R. 98, 102 (Bankr. M.D.N.C. 2006). Here, the debtor has moved for an extension of the automatic stay as to all creditors.

The court must first determine whether a presumption exists that the case was not filed in good faith. For purposes of § 362(c)(3)(B), a case is presumptively filed not in good faith as to all creditors under the following circumstances:

> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to–
> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> (bb) provide adequate protection as ordered by the court; or
> (cc) perform the terms of a plan confirmed by the court; or
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—
> (aa) if a case under Chapter 7, with a discharge; or
> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed
> . . .

11 U.S.C. § 362(c)(3)(C)(i). A case is presumptively filed not in good faith as to a particular creditor

where that creditor "commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditors . . . ." 11 U.S.C. § 362(c)(3)(C)(ii).

Section 362(c)(3)(C)(I) applies to the case at bar, as the previous case was dismissed within 1-year of filing the subject case "after the debtor failed to—(cc) perform the terms of a plan confirmed by the court." In addition, § 362(c)(3)(C)(ii) applies here, as Green Tree filed two motions for relief from the automatic stay in the previous case that were resolved by conditioning the stay based on the terms of consent orders. At the hearing, Green Tree argued that there is a higher presumption that a case was not filed in good faith under § 362(c)(3)(C)(ii), but there is no support for that interpretation. The bad faith presumption arising under either (i) or (ii) can be rebutted by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C); *see also* HR Rep. No. 31, 109th Cong., 1st Sess 302 (2005)(making no distinction regarding the evidence needed to rebut the presumption under (i) or (ii)).

The presumption that the case was not filed in good faith applies to all creditors, pursuant to § 362(c)(3)(C)(i)(cc), and particularly to Green Tree, pursuant to § 362(c)(3)(C)(ii). It follows that the debtor must carry her burden of demonstrating that the case was filed in good faith under § 362(c)(3)(B) by clear and convincing evidence. The intermediate standard of "clear and convincing evidence" is a level of proof above "preponderance of the evidence" but below "beyond a reasonable doubt." Addington v. Texas, 441 U.S. 418, 423-24, 99 S.Ct. 1804, 1807-08, 60 L.Ed.2d 323 (1979); Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 810 (4th Cir. 1991).

Section 362(c)(3)(B) does not include factors to be considered when assessing good faith. The

3

Fourth Circuit uses a totality of the circumstances test when determining whether a Chapter 13 case has been filed in good faith. Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986). The Bankruptcy Court for the Middle District of North Carolina has developed a totality of the circumstances test for assessing good faith under § 362(c)(3)(B). In re Havner, 336 B. R. 98, 103 (Bankr. M.D.N.C. 2006)(adopting the analysis set forth in In re Montoya, 33 B.R. 449 (Bankr. D. Utah 2005) and In re Galanis, 334 B.R. 685, 696-97 (Bankr. D. Utah 2005)). Factors to be considered are: "(1) the timing of the petition; (2) how the debt(s) arose; (3) the debtor's motive in filing the petition; (4) how the debtor's actions affected creditors; (5) why the debtor's prior case was dismissed; (6) the likelihood that the debtor will have a steady income through the bankruptcy case, and will be able to properly fund a plan; and (7) whether the Trustee or creditors object to the debtor's motion." Id. at 103.

This court finds these factors instructive. First, the court considers the timing of the debtor's petition. In Havner, the Bankruptcy Court for the Middle District concluded that the debtor had taken affirmative action to address his debts by promptly re-filing within 21 days of dismissal of the previous case. Id. at 104. The court reasoned that it would have been evidence of bad faith "if the Debtor had waited before refiling, with no intention of staying out of bankruptcy." Id. Here, the debtor waited three months before re-filing. During that time, Green Tree incurred costs from instituting a lawsuit against the debtor.

The second factor to consider is how the debts arose, looking at "whether the debtors arose from luxury spending, from reoccurring expenses, or whether they were the result of unavoidable costs, such as medical bills." Havner, 336 B.R. at 104. The debtor has a combination of secured and unsecured debt that totaled $60,553.00 at the time of filing the subject case, the bulk of which debt is not the result of unavoidable costs.

4

Third, the court considers the debtor's motive in filing the present case, which is a subjective inquiry. Havner, 336 B.R. at 104. While the court questions whether the debtor considered her ability to fund a Chapter 13 plan before filing this case, the evidence presented at the hearing did not support an improper motive on the part of the debtor.

Fourth, the court considers how the debtor's actions have affected creditors. The debtor's total debt has increased from $46,262.00 at the time of the previous filing to $60,553.00 at the time of the subject filing. After defaulting twice on the Green Tree loan in the previous case, the debtor is attempting to safeguard her mobile home, preventing Green Tree from exercising its rights while its collateral depreciates. The arrearage on the Green Tree loan increased from $1500 in the previous filing to $3500 in the subject filing.

Fifth, the court considers why the previous case was dismissed. The debtor's previous case was dismissed for failure to adhere to the Chapter 13 plan during a time when she lacked regular income.

Finally, the court considers whether the debtor has the likelihood of funding and maintaining a Chapter 13 plan.  At the hearing, the debtor testified that she is now working part-time with the U.S. Postal Service making $1000.00 a month. She also works part-time at Christine's Chicken  where she is making $700.00 a month. In addition, the debtor is starting to provide housekeeping services and anticipates income of $200.00 a month from those services. However, even after combining these three part-time jobs, the debtor's gross monthly income is $1900.00, which is $698.00 less than her gross monthly income when she filed the previous case. Moreover, plan payments are more in the current case than in the previous case. This sixth factor heavily weighs against the debtor. The debtor's income has substantially decreased, while her total debt has substantially increased.

5

In order to determine the existence of good faith, the court must consider these factors operating together. Havner, 336 B.R. at 105. Considering the totality of the circumstances, the court finds that the debtor is unable to provide clear and convincing evidence of good faith. Accordingly, the debtor's motion is denied, and the automatic stay will not be extended as to any creditor.

**So Ordered.**

**Dated: February 14, 2006**

J. Rich Leonard
United States Bankruptcy Judge